OPINION
{¶ 1} Kathryn Cockayne, mother of Nicholas Cockayne, is actually the appellant in this case. She is appealing the decision of the trial court which approved and made the order of the court the magistrate's decision finding that Casie Margioras, defendant-appellee, is entitled to the full amount of the insurance policy purchased by her uncle and naming her the beneficiary, rather than giving part of it to Nicholas Cockayne, the son of Robert and Kathryn Cockayne.
 {¶ 2} The facts of the matter and the order appealed from are set forth in the magistrate's decision, as follows:
 {¶ 3} "This matter came before the Court for trial on June 20, 2003. The parties agree, and stipulate to the facts contained in the pleadings. Therefore the Court finds the following:
 {¶ 4} "On May 10, 2000, Robert and Kathryn Cockayne entered into a Dissolution of Marriage with the terms set forth in a separation agreement attached thereto. At the time of the divorce, the parties has [sic] one child, Vaughn L. Cockayne. The separation agreement provided, inter alia, paragraph 6. Lifeinsurance. Each party shall make One-Third (1/3) of their entire life insurance package through their employer, future employers, or separate life insurance package, made payable to the unemancipated child for so long as each party has an obligation to support the minor child.
 {¶ 5} "Ostensibly, the parties in this case are litigating the interpretation of the divorce decree. Plaintiffs' [sic] maintain that they are entitled to one-third each of the insurance policies held by Robert Cockayne. Conversely, Defendant, who is the named beneficiary of one of Robert Cockayne's insurance policies, opines that Plaintiffs are entitled to one-third of the entire insurance package. This Court agrees.
 {¶ 6} "The total insurance package in this matter amounts to ($142,000). In this case, ($75,000) has been deposited with the probate court in sole benefit of Vaughn L. Cockayne and his brother, Nicholas Cockayne, who was born subsequent to the `divorce' separation agreement. The remaining proceeds have been received by Defendant, who was the named beneficiary on one of Robert Cockayne's life insurance policies valued at ($67,177.93), one-third of which has been held in trust pursuant to this Court's order granting injunctive relief filed October 22, 2002.
 {¶ 7} "In this matter, the parties had one child, Vaughn L. Cockayne, at the time of their divorce. The separation agreement is the instrument which forms the contractual obligations of the parities [sic] relating to this dispute. When there is no ambiguity in the contract, the Court is obligated to give plain meaning to its terms in order to effectuate the intent of the parties. A plain reading of the provision of the separation agreement at issue in this matter, `Life Insurance. Each party shall make One Third (1/3) of their entire life insurance package . . . made payable to the unemancipated child . . .') (emphasis added), indicates the intent of the parties was to provide their unemancipated child, Vaughn L. Cockayne, with one-third of their entire insurance package. Therefore, the ($75,000) deposited with the probate court is sufficient to satisfy Robert Cockayne's contractual obligation.
 {¶ 8} "Accordingly, the Court finds that Defendant is entitled to the full amount of the insurance policy naming her beneficiary. Further, the injunctive relief previously ordered by this Court is hereby terminated.
 {¶ 9} "Counsel for the Parties are referred to Civ. 53 regarding the filing of objections to the Magistrate's Decision."
 {¶ 10} The trial court entered its order overruling the objections filed by the appellant and adopting the recommendation of the magistrate, from which appellant has timely appealed.
 {¶ 11} Appellant has presented two assignments of error although stated as issues, as follows:
 {¶ 12} "1. Did the trial court err by failing to rule on whether a constructive trust existed?
 {¶ 13} "2. Did the trial court fail to grant the appellant monies equal to his contractual share of the decedent's insurance?"
 {¶ 14} The record demonstrates that the appellant did not raise the idea of the constructive trust to the magistrate or the trial court and, therefore, cannot be heard to argue this issue on appeal. Civ.R. 53(E)(3)(b).
 {¶ 15} Instead, the appellant attempted in his objection and again in this appeal to argue that the estate will not be able to pay Nicholas Cockayne his full 1/3 of the entire insurance proceeds because of other debts owed by the estate. There is no evidence of this before the magistrate, and appellant's attempt to create evidence by attaching to her objections and to her brief on appeal a form which purports to be an insolvency "report" to the Probate Court of Montgomery County, Ohio, which has not been filed with the court and is not in evidence or a part of the record, is therefore unavailing. We grant the motion of the appellee to strike that purported filing although not necessarily from the record because it is not in the record anyway, but from consideration on appeal.
 {¶ 16} We find the decision adopted by the trial court and the magistrate's decision, granting the appellee the full amount of insurance assigned to her, is the correct statement of the law as applied to the undisputed facts of this case. We hereby adopt and approve the magistrate's decision, as approved by the court, as our own. The second assignment of error is overruled and the judgment is affirmed.
Fain, P.J. and Brogan, J., concur.